IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Earnest E. Vaughn, Sr.,       ) <br>       ) <br>       ) <br>       Plaintiff,    ) <br>       ) <br>      vs.       ) <br>       ) <br> Anderson County, Sheriff Skipper,  ) <br> Deputy M. W. Hunnicutt, and    ) <br> Deputy Fraiser,      ) <br>       ) <br>       ) <br>      Defendants.   ) <br> _____) | Civil Action No. 8:15-1954-TLW-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff is a pre-trial detainee at the Greenwood County Detention Center. The plaintiff has brought suit against Anderson County, Sheriff Skipper (the Sheriff of Anderson County), and two deputy sheriffs. In the original complaint, the plaintiff indicated that this civil rights action concerned two arrests made by Anderson County Sheriff's Deputies during vehicle searches (doc. 1 at 1). The plaintiff discloses that he was indicted on the charges and subsequently arrested on a bench warrant (*id*. at 2). In the amended complaint, the plaintiff indicates that this civil rights action concerns gross negligence, reckless and callous indifference, and violations of the plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments (doc. 8 at 1). The plaintiff seeks a jury trial (*id*.).

The plaintiff alleges or contends that on April 1, 2013, he was a "front seat passenger with 3 other females" when "Deputy unlawfully stopped the vehicle" on the South Main Street Extension in Anderson County. The plaintiff states Deputy Fraiser claimed that someone threw a cigarette out the car window, but the plaintiff does not smoke and "no-one" threw a cigarette out the window (*id*.). Subsequently, the deputy got his "K-9" out, and claimed that the dog "hit" on the plaintiff and that he found four grams of drugs (*id*. at 1–2);

The plaintiff was arrested and spent approximately 32 days in the Anderson County Detention Center until he paid 10% of his $45,000 bond (*id*. at 2). The plaintiff further contends that on or about July 4, 2013, Deputy Hunnicutt stopped a vehicle in which the plaintiff was a passenger. Deputy Hunnicutt claimed the driver failed to use a turn signal when shifting lanes. The officer and claimed that when he ordered the plaintiff out of the vehicle he saw a plastic bag drop to the ground. The plaintiff claims he "never saw this bag." The officer claimed he found pills in the car. The plaintiff and the female driver were arrested, and the plaintiff was charged with manufacturing methamphetamine. He was booked into the Anderson County Detention until his preliminary hearing in August 2013. The charge was ultimately dismissed, and the plaintiff was released (*id.*).

The plaintiff alleges that on February 9, 2012,[1] the defendants appeared before the Anderson County Grand Jury and "obtained a direct indictment" on the same warrant number, but the plaintiff was not notified. On March 17, 2013, the plaintiff found out that a bench warrant had been issued for his arrest for failure to appear and that the bench warrant was "active" (*id*. at 3). Consequently, the plaintiff called the Public Defender's Office and was told to "stay out of law enforcement's way" until April 4, 2013, when the plaintiff would meet the Public Defender at the courthouse, and the  bench warrant would be lifted (*id*.). When the plaintiff got to the courthouse, the judge would not lift the bench warrant and ordered the plaintiff to be locked up (*id*.). The  plaintiff stayed in the Anderson County Detention Center for 15 months (*id*.) The plaintiff requested a jury trial, and the charges were dismissed. While the plaintiff was in jail, he filed a complaint against Deputy Hunnicutt with the Office of Professional Standards. The plaintiff learned that Agent Brad McGuire ordered Deputy Hunnicutt to stop the vehicle (*id*.) The plaintiff states Agent Brad McGuire was on the phone with Ronnie Kipp-Stancil, who gave McGuire

---

[1]The dates alleged by the plaintiff do not make chronological sense.

false information that caused the unlawful traffic stop (*id.*).  The plaintiff further claims that the defendants caused him to suffer mental anguish, emotional stress, and unlawful incarceration for approximately 18 months (*id.*).  No prayer for relief appears in the amended complaint.  In the original complaint, the plaintiff seeks $500,000 in actual damages, $500,000 in punitive damages, and any other relief deemed just and proper by this court (doc. 1 at 3).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint (doc. 1) and amended complaint (doc. 8) pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (Westlaw 2015); 1975 S.C.Att'y.Gen'l.Op. No. 47, 1975 WL 29404 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2015), (providing that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff); *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees.").  Hence, Anderson County is not responsible for actions taken by the Anderson County Sheriff or any employees of the Anderson County Sheriff's

3

Department.  Moreover, the Anderson County Sheriff (Sheriff Skipper) is immune from suit under the Eleventh Amendment. *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").  Hence, Sheriff Skipper is subject to summary dismissal.

The plaintiff's claims of false arrest fail because an indictment was issued with respect to the traffic stop by Deputy Hunnicutt.  A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983, *see Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (collecting cases), even though the charges were later dismissed.

In any event, the two traffic stops are not actionable.  "[S]topping an automobile and detaining its occupants constitute a 'seizure' within the meaning of [the Fourth and Fourteenth] Amendments, even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *see also Berkemer v. McCarty*, 468 U.S. 420, 436–37 (1984).  Stops of automobiles must be reasonable under the circumstances. *Whren v. United States*, 517 U.S. 806, 810 (1996). A decision by law enforcement personnel to stop an automobile is reasonable when the law enforcement officers have probable cause to believe that a traffic violation has occurred or a reasonable suspicion supported by "articulable" facts that criminal activity may be "afoot" at the time. *See United States v. Sokolow*, 490 U.S. 1, 7 (1989); and *Terry v. Ohio*, 392 U.S. 1, 30 (1968) (police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by "articulable" facts that criminal activity "may be afoot," even if the officer lacks probable cause).

The original complaint and amended complaint indicate that the two detentions and searches of the vehicles were conducted pursuant to what is often called a *Terry* stop. *Terry v. Ohio*, 392 U.S. at 30.  As a result, both Deputy Fraiser and Deputy

4

Hunnicutt did not need probable cause to detain the plaintiff and search the car, but needed only reasonable suspicion. *See Watty v. Sheriff of Clarendon Cnty.*, Civil Action No. 4:10-2056-MGL-TER, 2013 WL 529951, at *4 (D.S.C. Jan. 3, 2013), *adopted by* 2013 WL 526912 (D.S.C. Feb. 11, 2013). Under *Terry*, a law enforcement officer may conduct a pat down where he or she has reason to believe the suspect is armed and dangerous. *Terry v. Ohio*, 392 U.S. at 27 ("Our evaluation of the proper balance that has to be struck in this type of case leads us to conclude that there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.").

Since the plaintiff was, twice, lawfully detained pursuant to the holding in *Terry*, it was permissible for the officers to use a dog for the search on both occasions. *Illinois v. Caballes*, 543 U.S. 405, 409 (2005) ("Accordingly, the use of a well-trained narcotics-detection dog—one that 'does not expose noncontraband items that otherwise would remain hidden from public view,' . . . during a lawful traffic stop, generally does not implicate legitimate privacy interests."), which is cited in *Lemon v. Sheriff of Sumter Cnty.*, Civil Action No. 3:10-2758-JFA, 2012 WL 570197, at *4 (D.S.C. Feb. 22, 2012).

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), the plaintiff is not entitled to relief for mental anguish stress and emotional stress. *Merriweather v. Reynolds*, 586 F. Supp. 2d at 558–59 (collecting cases).

5

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

June 4, 2015                                s/ Kevin F. McDonald
Greenville, South Carolina          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).